Lin v. Holder

BIA
Hom, IJ
A098-457-025

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of September, two thousand eleven.

PRESENT:

> REENA RAGGI,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

———————————————————————————

XUEMIN LIN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL, BOARD OF IMMIGRATION APPEALS,
> *Respondents.*

10-1117-ag
NAC

———————————————————————————

FOR PETITIONER: Henry Zhang, Gregory Marotta (on the brief), New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation; Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xuemin Lin, a native and citizen of the People's Republic of China, seeks review of June 5, 2007 and February 26, 2010 orders of the BIA affirming, in part, the December 8, 2005, decision of Immigration Judge ("IJ") Sandy K. Hom and affirming the March 19, 2008 decision of IJ Hom denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xuemin Lin*, No. A098 457 025 (B.I.A. June 5, 2007), *modifying* No. A098 457 025 (Immig. Ct. N.Y. City Dec. 8, 2005); *In re Xuemin Lin*, No. A098 457 025 (B.I.A. Feb. 26, 2010), *aff'g* No. A098 457 025 (Immig. Ct. N.Y. City Mar. 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the IJ's adverse credibility determinations. In making his adverse credibility determination, the IJ found Lin not credible because he: (1) gave vague responses and hesitated throughout the hearing; (2) testified inconsistently regarding the location of his son's birth; (3) failed to explain sufficiently why the dates of issuance of his children's birth certificates did not match the date Lin claimed he obtained them; (3) testified implausibly regarding his sterilization certificate; (4) testified that he had not seen a doctor in the United States and did not explain how he had provided a letter from a doctor in Los Angeles to establish that he had been sterilized; (5) failed to provide sufficiently detailed testimony regarding his Falun Gong claim; and (6) failed to provide reasonably available corroborating evidence for either his family planning or Falun Gong claim or to provide a reasonable

2

explanation why such evidence was not available.[*]  We will not disturb adverse credibility determinations when, as here, they are based on "specific examples in the record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters[.]"  *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).

Contrary to Lin's assertions, the record reveals that he was provided an opportunity to explain these inconsistencies and the absence of corroborating evidence, such as a fine receipt, and either failed to provide a reasonable explanation or admitted that he had not attempted to obtain the pieces of corroborating evidence that the IJ identified.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so); *see also Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("[T]he absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563, 568 (2d Cir. 2006) (holding that the agency's determination that a particular piece of corroborating evidence is available to the applicant (and thus whether it should reasonably be expected to have been produced) is a finding of fact to which this Court defers under the substantial evidence standard).

These inconsistencies and evidentiary gaps that the IJ relied upon went to the heart of Lin's claim because they were related to the birth of his children and to his alleged persecution for practicing Falun Gong.  *See id.* at 563. (providing that an adverse credibility determination must be based on "specific and cogent reasons" that "bear a legitimate nexus" to the finding).  Accordingly, substantial

---

[*] Because the BIA accepted Lin's explanation regarding the inconsistent translation of whether his daughter was born at "home," we do not consider the IJ's findings on this issue.

evidence supports the adverse credibility determination. Moreover, contrary to Lin's assertion that the agency was required to address separately his CAT claim, because his withholding of removal and CAT claims share the same factual predicate as his asylum claim, the IJ's adverse credibility determination is also dispositive of those claims for relief. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk